```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA
_____
                              )
STEVEN H. HALL,               )
                              )
            Plaintiff,        )
      v.                      )
                              )
DEPARTMENT OF COMMERCE, et. al.,) Civil Action No. 16-1619 (EGS)
                              )
            Defendants.       )
_____)
```

**MEMORANDUM OPINON AND ORDER**

Plaintiff Steven Hall ("Mr. Hall"), proceeding *pro se*, brings suit against the United States Patent and Trade Office ("USPTO") and USPTO Employee Relations Specialist William House (collectively, "defendants") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701, *et. seq.*; and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. He alleges that the defendants discriminated against him on the basis of his race and disability by allegedly withdrawing a tentative job offer in November 2014.

Before the Court are Mr. Hall's objections to Magistrate Judge G. Michael Harvey's Report and Recommendation ("R&R"), which recommends that the Court grant the defendants' motion to dismiss because Mr. Hall failed to exhaust his administrative remedies and failed to timely appeal the denial of his FTCA

1

claim. *See* R&R, ECF No. 19 (issued August 22, 2017). Upon consideration of the R&R, Mr. Hall's objections, the defendants' response to those objections, the defendants' motion to dismiss, the responses and replies thereto, and the relevant law, this Court **ADOPTS** Magistrate Judge Harvey's R&R and **GRANTS** the defendants' motion to dismiss.

I.  **Background**

Magistrate Judge Harvey pieced together a complete history of the facts in this case from a variety of sources, including "a substantial number of administrative proceedings initiated by the Plaintiff, in addition to two other federal court actions he brought in this district." R&R, ECF No. 19 at 2. Throughout the background section, Magistrate Judge Harvey cited and relied on several documents not attached to the amended, operative complaint. *See id.* at 2-10. However, such reliance was proper as the documents were either "incorporated by reference in the complaint, or documents upon which the plaintiff's complaint necessarily relies . . . ." *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (internal citations and quotations omitted). Magistrate Judge Harvey also properly took judicial notice of certain administrative proceedings that Mr. Hall had attached as exhibits to his original complaint, but failed to re-attach to the amended, operative complaint. R&R, ECF No. 19 at 12; *see Vasser v.*

*McDonald*, 228 F. Supp. 3d 1, 7-8, 9-10 (D.D.C. 2016)(taking judicial notice of administrative orders and administrative complaints not attached to the complaint: "[i]f courts could not take judicial notice of such public documents, plaintiffs who obviously had not complied with the administrative-exhaustion process could survive motions to dismiss purely by failing to attach their administrative complaint.").

To briefly summarize, Mr. Hall worked at the Department of Homeland Security ("DHS")—which is not a party to this suit—until he was terminated in November 2013. R&R, ECF No. 19 at 5. He received a tentative job offer from the USPTO in November 2014. *Id.* On November 13, 2014, the USPTO rescinded Mr. Hall's job offer upon learning that he had previously been terminated by DHS. *Id.* at 6. Allegedly on advice from an unnamed Department of Commerce employee, Pl.'s Opp'n, ECF No. 16 at 3, Mr. Hall challenged the USPTO's withdrawal of his offer by filing an FTCA claim in December 2014. R&R, ECF No. 19 at 7. His FTCA claim was denied on June 16, 2015. *Id*. On June 24, 2015, Mr. Hall initiated contact with the USPTO's Equal Employment Opportunity ("EEO") Office, alleging that the USPTO's rescission was unlawfully motivated by his race and disability. *Id.* at 8. On August 5, 2016, Mr. Hall filed the instant action. Mr. Hall does not object to these facts and confirms the operative dates. *See* Pl.'s Objection, ECF No. 20 at 7, 11.

Mr. Hall objects to one fact included in the R&R and one fact *not* included in the R&R. First, he objects to the fact that Magistrate Judge Harvey mentioned that Mr. Hall had been accused of sexual harassment at DHS, as it "shows favoritism for USPTO . . . implying and insinuating that [the defendants] made the correct decision to rescind [his] tentative job offer due to alleged misconduct." *Id.* at 2. Magistrate Judge Harvey included this fact "only for the purpose of providing factual context"; it did not "constitute the basis of any recommendation." R&R, ECF No. 19 at 2. That said, the Court will not consider this irrelevant fact. Indeed, given the defendants' arguments in their motion to dismiss, the only facts relevant "are those arising from Plaintiff's engagement with the administrative process." *Id.*

Second, Mr. Hall objects that Magistrate Judge Harvey did not include the fact that he had filed "several reconsideration requests and appeals" and "submitted two other District Court cases" regarding DHS' termination decision. *Id.* at 3. While Magistrate Judge Harvey did in fact discuss the multitude of litigation that Mr. Hall has been involved in, *see* R&R, ECF No. 19 at 8-9, these disputes are not relevant to the instant case against USPTO. Mr. Hall himself acknowledges that these other cases are "closed and not related to this case." Pl.'s Objections, ECF No. 20 at 6.

4

Having found no error in the factual background and overruling Mr. Hall's objections otherwise, the Court adopts and incorporates Magistrate Judge Harvey's thorough recitation of the facts in the R&R. *See* R&R, ECF No. 19 at 2-10.

## II. Standard of Review: Objections to a Magistrate Judge's Report and Recommendation

Pursuant to Federal Rule of Civil Procedure 72(b), once a magistrate judge has entered a recommended disposition, a party may file specific written objections. The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "may accept, reject or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3). Proper objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for objection." Local R. Civ. P. 72.3(b). "As numerous courts have held, objections which merely rehash an argument presented to and considered by the magistrate judge are not 'properly objected to' and are therefore not entitled to de novo review." *Shurtleff v. U.S. Envtl. Prot. Agency*, 991 F. Supp. 2d 1, 8 (D.D.C. 2013) (quoting *Morgan v. Astrue*, Case No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009) (collecting cases)). Likewise, the Court need not consider cursory objections made only in a footnote. *Hutchins v. District of Columbia*, 188 F.3d 531, 539 n.3 (D.C. Cir. 1999); *see also*

*Potter v. District of Columbia*, 558 F.3d 542, 553 (D.C. Cir. 2009) (Williams, J. concurring) (internal citations omitted).

**III. Analysis**

In his amended complaint, Mr. Hall alleges that the defendants discriminated[1] against him by rescinding his tentative employment offer. Am. Compl., ECF No. 11 ¶ 3. The defendants allegedly rescinded his job offer upon learning that DHS had terminated him. *Id.* According to Mr. Hall, this decision was improper because the defendants allegedly knew that DHS had unlawfully terminated Mr. Hall due to his medical accommodation. *Id.* ¶ 4. Defendants filed a motion to dismiss Mr. Hall's complaint, arguing that: (1) Mr. Hall had sued improper parties, (2) Mr. Hall failed to administratively exhaust his discrimination claims, and (3) Mr. Hall's FTCA claim was time-barred. *See* Defs.' Mot., ECF No. 15.

Magistrate Judge Harvey recommended that the Court grant the defendants' motion to dismiss because: (1) Mr. Hall did not sue the proper parties, to the extent that he is attempting to sue individual employees, *see* R&R, ECF No. 19 at 13; (2) Mr.

---

[1] Mr. Hall does not explicitly state the basis upon which the defendants allegedly discriminated against him, beyond stating that the defendants are liable for "employment discrimination" and "disability discrimination. *See* Am. Compl., ECF No. 11. Because Mr. Hall makes many references to his race, Magistrate Judge Harvey properly assumed that Mr. Hall alleged race-based employment discrimination. *See* R&R, ECF No. 19 at 14. Mr. Hall did not object. *See generally* Pl.'s Objection, ECF No. 20.

6

Hall failed to timely exhaust his administrative remedies as he must to bring a Title VII claim or a Rehabilitation Act claim, *see id.* at 14-22; and (3) Mr. Hall failed to timely appeal his FTCA claim, *see id.* at 22-24.

### A. Objection One: Mr. Hall Did Not Sue the Proper Parties

Magistrate Judge Harvey recommended that the Court grant the defendants' motion to dismiss certain individual employees. *See* R&R, ECF No. 19 at 13. Should Mr. Hall be permitted to proceed, Magistrate Judge Harvey recommended that the Court grant Mr. Hall leave to amend his complaint to sue the proper parties: the United States and the head of the USPTO. *See id.* While styling his response as an objection, Mr. Hall agrees that he was attempting to sue "the United States and the USPTO Director," who "are liable for discriminatory actions against the Plaintiff." Pl.'s Objections, ECF No. 19 at 7. He confirmed that his "intent is to properly sue the agency head (USPTO) and not the employees." Pl.'s Opp'n, ECF No. 16 at 6. The Court therefore **ADOPTS** this recommendation.

### B. Objection Two: Mr. Hall Did Not Timely Exhaust His Administrative Remedies

Magistrate Judge Harvey recommended that the Court grant the defendants' motion to dismiss Mr. Hall's discrimination claims pursuant to Title VII and the Rehabilitation Act for failure to timely exhaust administrative remedies. R&R, ECF No.

7

19 at 14. "An employee of the federal government who believes that she has been the subject of unlawful discrimination must 'initiate contact' with an EEO Counselor in her agency 'within 45 days of the date of the matter alleged to be discriminatory.'" *Steele v. Schafer*, 535 F.3d 689, 693 (D.C. Cir. 2008) (quoting 29 C.F.R. § 1614.105(a)(1)). This requirement applies to claims arising under both Title VII and the Rehabilitation Act. *See Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) ("Complainants must timely exhaust these administrative remedies before bringing their [Title VII] claims to court."); *Spinelli v. Goss*, 446 F.3d 159, 162 (D.C. Cir. 2006) (dismissing the plaintiff's Rehabilitation Act claim for failure to exhaust administrative remedies). "A court may not consider a discrimination claim that has not been exhausted in this manner absent a basis for equitable tolling." *Steele*, 535 F.3d at 693.

Magistrate Judge Harvey found that Mr. Hall did not initiate contact with the agency EEO within the 45-day deadline. R&R, ECF No. 19 at 15. Indeed, the USPTO's alleged discriminatory action—rescinding his job offer—occurred on November 13, 2014. Am. Compl., ECF No. 11 at 24. It is undisputed that Mr. Hall did not contact the USPTO EEO office until June 24, 2015-over 200 days later. Am. Compl., ECF No. 11 at 8; Pl.'s Objection, ECF No. 20 at 11. Rather than disputing

this fact, Mr. Hall argues that his failure to timely exhaust should be excused under the doctrine of equitable estoppel or equitable tolling. *See* Pl.'s Objection, ECF No. 20. Mr. Hall argues that this relief is warranted because USPTO "manipulated him," *id.* at 8, when an unnamed Department of Commerce employee told him over the phone that his "concerns" seemed to be "related to an FTCA claim," Pl.'s Opp'n, ECF No. 16 at 3. This erroneous advice "prevented him from filing a [timely] EEO complaint." Pl.'s Objection, ECF No. 20 at 8. Mr. Hall's arguments largely rehash the arguments he made before Magistrate Judge Harvey in opposing the defendants' motion to dismiss. *See* Pl.'s Opp'n, ECF No. 16 at 7 ("USPTO misled and took advantage of Plaintiff, thus prevented Plaintiff from administratively exhausting his remedies.").

    The Court agrees that Mr. Hall's failure to initiate contact with the USPTO's EEO office within 45 days cannot be excused. True, this exhaustion requirement is subject to equitable estoppel and equitable tolling, *Currier v. Radio Free Europe*, 159 F.3d 1363, 1367 (D.C. Cir. 1998), but Mr. Hall has not met his burden to "plead[] . . . equitable reasons to excuse his failure to comply with the 45-day requirement," *O'Neal v. England,* No. 03-5261, 2004 WL 758965, at *1 (D.C. Cir. Apr. 7, 2004) (citing *Saltz v. Lehman,* 672 F.2d 207, 209 (D.C. Cir. 1982)).

**1. Equitable Estoppel**

Equitable estoppel "prevents a defendant from asserting untimeliness where the *defendant* has taken active steps to prevent the plaintiff from litigating in time." *Currier*, 159 F.3d at 1367 (citations omitted). Proving equitable estoppel is warranted is "not surprisingly[,] a 'high' 'hurdle' to clear. Indeed, only in 'extraordinary and carefully circumscribed instances' will the Court exercise its equitable power . . . ." *White v. Geithner*, 602 F. Supp. 2d 35, 37-38 (D.D.C. 2009) (quoting *Smith–Haynie v. District of Columbia,* 155 F.3d 575, 579-80 (D.C. Cir. 1998)). The Supreme Court has "powerful[ly] caution[ed] against [the] application of the doctrine of equitable estoppel to the government as normally barring its use to undercut statutory exhaustion requirements." *Rann v. Chao*, 346 F.3d 192, 197 (D.C. Cir. 2003) (citing Office of *Personnel Mgmt. v. Richmond*, 496 U.S. 414, 419-24 (1990); *Deaf Smith Cty. Grain Processors, Inc. v. Glickman,* 162 F.3d 1206, 1214 (D.C. Cir. 1998)). A plaintiff must therefore include proof of "each of the traditional elements" of equitable estoppel: "[1] false representation, [2] a purpose to invite action by the party to whom the representation was made, [3] ignorance of the true facts by that party, and [4] reliance, as well as ... [5] a showing of an injustice ... and [6] lack of undue damage to the public

interest." *ATC Petroleum, Inc. v. Sanders*, 860 F.2d 1104, 1111 (D.C. Cir. 1988)(internal quotations and citations omitted)(explaining that application of estoppel "to the government must be rigid and sparing").

Courts within this Circuit have routinely found that a government employee's erroneous advice cannot alone give rise to an equitable estoppel claim. *See Rann v. Chao*, 346 F.3d at 197 (declining to apply equitable estoppel when a government employee erroneously told the plaintiff that he could opt out of the administrative process); *Deaf Smith Cty.*, 162 F.3d at 1214 (declining to allow the plaintiff to "avoid the exhaustion requirement on the ground that [government] officials erroneously advised [the plaintiff] of the futility of pursuing his administrative remedies"); *Rahimi v. Weinstein*, 271 F. Supp. 3d 98, 103-04 (D.D.C. 2017) (declining to apply equitable estoppel when a government employee allegedly gave potentially erroneous advice to the plaintiff); *Int'l Union v. Clark*, Case No. 02-1484, 2006 WL 2598046, at *12 ("[the] provision of erroneous information, without more, cannot give rise to an equitable estoppel claim against the government") (citing *Richmond*, 496 U.S. at 415-16)).

Moreover, accepting as true Mr. Hall's allegation that a government employee told him that his "concerns were related to an FTCA claim," Pl.'s Opp'n, ECF No. 16 at 3, he has not pled a

necessary element of equitable estoppel: that he "had ignorance of the true facts," R&R, ECF No. 20 at 16 (quoting *ATC Petroleum*, 860 F.2d at 1111). Indeed, Mr. Hall knew that he had a discrimination claim. Just days after the USPTO rescinded his tentative job offer, Mr. Hall argued that he had been the victim of discrimination. Am. Compl., ECF No. 11 at 12 (stating, in a November 20, 2014 email to USPTO employee Mr. House, "I had assumed in America we are given a second chance, but male African-Americans like myself are not given a second chance in [sic] USPTO."). Therefore, Mr. Hall "had all the facts necessary" to file an EEO complaint; he merely lacked knowledge of the "legal theory" on which his complaint would succeed. *Daiichi Sankyo Co., Ltd. V. Rea*, 12 F. Supp. 3d 8, 20 (D.D.C. 2013) (quoting *Venture Coal Sales Co. v. United States*, 370 F.3d 1102, 1107 (Fed. Cir. 2004)). To that end, the 45-day exhaustion deadline may not be equitably estopped because Mr. Hall "relie[d] on the government officer's or agency's interpretation of [his] legal rights." *Id.* at 19.

To the extent that Mr. Hall objects because the "USPTO did not notify the Plaintiff that his opportunity to file his EEO complaint would expire," Pl.'s Objection, ECF No. 20 at 9, he fails to establish a different element of equitable estoppel. *See ATC Petroleum*, 860 F.2d at 1111. An agency's mere failure to provide "information about the EEO process reflect[s] passive

12

rather than affirmative conduct" and is not enough to warrant invoking equitable estoppel. *Klugel v. Small*, 519 F. Supp. 2d 66, 73 (D.D.C. 2007). Because Mr. Hall has not met his burden to plead that equitable estoppel is warranted, the Court declines to apply it in order to excuse his failure to timely exhaust administrative remedies.

**2. Tolling**

Mr. Hall also argues, again rehashing his original arguments before Magistrate Judge Harvey, that his failure to exhaust his administrative remedies should be excused under 29 C.F.R. § 1614.105(a)(2)[2] and the doctrine of equitable tolling. The doctrine of equitable tolling "applies most commonly when the plaintiff 'despite all due diligence ... is unable to obtain vital information bearing on the existence of his claim.'" *Chung v. Dep't of Justice*, 333 F.3d 273, 278 (D.C. Cir. 2003) (quoting *Currier,* 159 F.3d at 1367). The Court is persuaded that this doctrine is also not available to Mr. Hall because "there is no question that he 'had a reasonable suspicion that he had been a

---

[2] "The agency or the Commission shall extend the 45-day time limit . . . when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission."

victim of discrimination' in November 2014." R&R, ECF No. 20 at 18 (quoting *Hayes v. Chao*, 592 F. Supp. 2d 51, 55 (D.D.C. 2008). In *Hayes v. Chao*, the court declined to toll the pro se plaintiff's missed 45-day deadline to exhaust administrative remedies because the plaintiff had "considerable experience with employment claims" and had a "reasonable suspicion of discrimination." 592 F. Supp. 2d at 57. So here too.

As discussed above, Mr. Hall had all of the necessary information bearing on his claim. Specifically, he knew that he intended to bring a discrimination claim. He stated in a November 20, 2014 email that "male African-Americans like myself are not given a second chance" at the USPTO. Am. Compl., ECF No. 11 at 12. Additionally, Mr. Hall complained that the USPTO engaged in employment discrimination when he submitted his November 26, 2014 FTCA claim. *See* Compl., ECF No. 1-2 at 9-12. Moreover, Mr. Hall had experience with discrimination litigation. He admitted that he had "engaged in protected activity with agencies EEO and EEOC and submitted two other cases [sic] District Court cases" involving instances of employment discrimination unrelated to this action. Pl.'s Objection, ECF No. 20 at 3.[3]

---

[3] For the same reasons, his failure to initiate EEO proceedings cannot be extended under 29 C.F.R. § 1614.105(a)(2).

The Court therefore **ADOPTS** Magistrate Judge Harvey's recommendation to grant defendants' motion to dismiss as to Mr. Hall's discrimination claims.

### C. Objection Three: Mr. Hall Did Not Timely Appeal the Defendants' FTCA Determination

Mr. Hall did not explicitly bring an FTCA claim in his Amended Complaint. *See generally* Am. Compl., ECF No. 11. However, assuming Mr. Hall had intended to bring suit under the FTCA, Magistrate Judge Harvey recommended that the Court grant the defendants' motion to dismiss because Mr. Hall failed to timely appeal the USPTO's denial of his FTCA claim. R&R, ECF No. 19 at 22. "A tort claim against the United States shall be forever barred unless . . . action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). "A claim not so presented and filed is forever barred." *Mittleman v. United States*, 104 F.3d 410, 413 (D.C. Cir. 1997).

It is undisputed that Mr. Hall did not appeal the FTCA determination within this six-month window. On June 16, 2015, the USPTO denied Mr. Hall's FTCA claim. Pl.'s Objection, ECF No. 20 at 11; Am. Compl., ECF No. 11 at 10 (FTCA denial letter). Mr. Hall did not file his claim until August 5, 2016—missing the deadline by almost eight months. *See* Compl., ECF No. 1.

15

Mr. Hall does not contest these findings. Instead, he seems to argue that his failure to appeal should be excused because the USPTO did not timely resolve his FTCA claim. Pl.'s Objection, ECF No. 20 at 11-12. Assuming the USPTO did delay in processing his claim, Mr. Hall's objection is irrelevant; the USPTO's alleged delay does not eliminate Mr. Hall's deadline. Regardless of any alleged USPTO delay, Mr. Hall was obligated to appeal its decision within six months. 28 U.S.C. § 2401(b).

Mr. Hall also argues that his failure to timely appeal the FTCA decision should be excused because his June 2015 EEO complaint tolls the FTCA appeal deadline. Pl.'s Objection, ECF No. 20 at 11-12. Not so. As Mr. Hall rightly notes, the only mechanism for appealing the USPTO's FTCA denial was "the federal court system." *Id.* at 11. Mr. Hall may not appeal the FTCA decision by filing an untimely EEO claim.

### D. Other Objections

Mr. Hall makes several other objections, all of which are unrelated to Magistrate Judge Harvey's recommendations. *See* Pl.'s Objection, ECF No. 20 at 13-15.

First, Mr. Hall argues that Magistrate Judge Harvey did not "acknowledge" his motion for default judgment. *Id.* at 13. This is irrelevant and moot; the Court denied Mr. Hall's motion for default judgment on November 14, 2016. *See* Order, ECF No. 6.

Mr. Hall also makes five other objections, all related to disputes with agencies other than the USPTO. Pl.'s Objection, ECF No. 20 at 13-15. These objections are irrelevant to the instant case against USPTO. *See* Am. Compl., ECF No. 11.

**IV. Conclusion and Order**

For the aforementioned reasons, Mr. Hall's objections to Magistrate Judge Harvey's R&R are overruled and Magistrate Judge Harvey's R&R is **ADOPTED** in its entirety. Accordingly, the Court **GRANTS** the defendants' motion to dismiss Mr. Hall's amended complaint and **DENIES** Mr. Hall's "motion not to dismiss complaint." This is a final, appealable Order.

**SO ORDERED.**

**Signed: Emmet G. Sullivan**
**United States District Judge**
**April 30, 2018**